UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOISE CAMPOVERDE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 09-06231-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On August 27, 2009, Francoise Campoverde ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on January 27, 2010. On April 7, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and the case remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiff is a 40 year old female who was determined to have the medically determinable severe impairments of bilateral carpal tunnel syndrome, status post surgery and right thumb fusion, status post surgery. (AR 12.) Plaintiff has not engaged in substantial gainful activity since May 1, 2005, the alleged onset date. (AR 12.)

Plaintiff's claim was denied initially on September 9, 2005, and on reconsideration on March 1, 2007. (AR 10.) She filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Ariel Sotolongo on January 9, 2008, in Los Angeles, California. (AR 10, 21-60.) Claimant appeared and testified. (AR 10.) So did medical expert Dr. Arthur Brovender and vocational expert Sandra Trost. (AR 10.) The ALJ issued an unfavorable decision on June 4, 2008. (AR 20.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[1] to perform light work except she is able to perform postural activities occasionally but is unable to climb ropes, scaffolding or ladders, and is unable to work at unprotected heights. The ALJ also determined that she is able to occasionally push/pull, and handle/finger with the right upper extremity and is able to frequently push/pull and handle/finger with the left upper extremity. (AR 14.)

The ALJ determined at step four of the sequential process that Claimant is unable to perform her prior relevant work as a legal secretary, film editor, cost clerk and assistant buyer. (AR 18.) These jobs require frequent handling beyond the Claimant's RFC. (AR 18.)

Nonetheless, the ALJ determined that Plaintiff could perform other jobs in the national economy. (AR 19.) The vocational expert testified that she could perform occupations such as call out operator (sedentary; 1,965 locally and 151,094 nationally) or counter clerk photo (light; 1,479 locally and 58,267 nationally). (AR 19.) As a result, the

---

[1] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

ALJ decision concludes that Claimant has not been under a disability as defined by the Social Security Act from the onset date through the date of the ALJ's decision. (AR 19.)

Plaintiff requested review of the ALJ's June 4, 2008, decision by the Appeals Council, which denied review on June 24, 2009.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal are as follows:

1. Whether the ALJ properly considered Plaintiff's Residual Functional Capacity.

2. Whether the ALJ properly considered whether Plaintiff could perform a significant number of jobs.

3. Whether the ALJ properly considered whether Plaintiff had no period of disability.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting

Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## DISCUSSION

The June 4, 2008, ALJ decision must be reversed for two reasons. First, the ALJ improperly discounted Plaintiff's subjective pain testimony.

Second, the ALJ failed to develop the record regarding Plaintiff's cervical impairment known as cervicobrachalgia. The vocational expert testified that, if Plaintiff's cervical impairment and alleged pain were credited, there would be no jobs in the national economy Plaintiff could perform. The ALJ, however, did not assess the severity of Plaintiff's cervical impairment, or develop the record sufficiently to assess whether there were any additional limitations to her hands that would preclude all work. The ALJ should have obtained additional medical evidence and ordered a supplemental hearing.

**A.     Evidentiary And Procedural Background**

The ALJ decision focuses primarily on Plaintiff's hand impairments. Plaintiff had three surgeries on her right hand and one on her left hand (AR 28), but continued to feel significant pain. (AR 28-29, 38-40.) At the January 9, 2008, hearing, Plaintiff indicated that doctors recently had concluded that she had a cervical problem in her neck that was the cause of her pain. (AR 29.) She testified that pain was radiating from her neck down her arms into her hands. (AR 39-40.) She reported that she cannot drive anymore and has significant limitations in daily activities due to her inability to use her hands. (AR 14-15.)

The medical expert, Dr. Brovender, an orthopedist, testified by telephone that Plaintiff's symptoms were not consistent with the medical evidence or with carpal tunnel

1  syndrome, and that the surgeries should have removed the pain. (AR 38-39, 44-46.)
2  Dr. Brovender declared "I'm going by the record" (AR 39) and there's nothing in the record
3  about cervical pain radiating down her arms to her hands. (AR 44.)
4      Plaintiff indicated that there were recent records not yet submitted and an upcoming
5  evaluation of her cervical impairment. (AR 30, 32, 33, 55-58.) The ALJ gave Plaintiff an
6  extension to submit additional medical evidence because "a cervical pathology would
7  certainly be, in my view, significant." (AR 57-58.)
8      The vocational expert, Sandra Trost, testified that Plaintiff could not perform her prior
9  work. (AR 51.) She also testified, based on the ALJ's RFC limitations, that Claimant could
10 perform certain light or sedentary jobs in the national economy. (AR 53.) The VE then
11 indicated that further limitations to the hands would preclude all work. (AR 55.)
12     Subsequent to the hearing, Plaintiff submitted extensive medical records from LAC-
13 USC Medical Center. (AR 181-227.) She presented on December 6, 2007, with a
14 complaint of "chronic bilateral upper extremities pain with tingling sensation and weakness."
15 (AR 218.) An 11/17/07 cervical spine MRI indicated C4-C5 right paracentral disc protrusion,
16 mild C3-C4 central disc protrusion, desiccated disc disease at C2-C3 and mild to moderate
17 facet disease at C3-C4 and C5-C6. (AR 218-224.) The diagnosis was chronic bilateral
18 cervicobrachalgia. (AR 218.)
19     The ALJ considered this new evidence (AR 17) and nonetheless concluded that
20 Claimant's subjective symptoms were not compatible with the medical evidence of record.
21 (AR 17.) The ALJ found that Claimant's medically determinable impairments reasonably
22 could be expected to produce her symptoms but her statements were not credible to the
23 extent inconsistent with the assessed RFC.
24     Plaintiff requested review by the Appeals Council, submitting additional evidence
25 from LAC/USC Medical Center indicating Claimant had continuing pain, numbness, and
26 weakness of the upper extremities and neck. (AR 496-500.) The Appeals Council made
27 the additional evidence part of the record, but denied Plaintiff's request for review. (AR 3-6.)
28

**B.    The ALJ Improperly Discounted The Claimant's Subjective Symptoms**

The ALJ decision does not meet the standards for rejecting Claimant's subjective pain symptoms.  The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.3d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d 722; Smolen, 80 F.3d at 1283-84.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

The ALJ conceded there were medical impairments that could produce Claimant's alleged pain.  (AR 15.)  There was no finding here that Claimant was malingering.  Thus, the ALJ was required to offer specific, clear and convincing reasons for discounting Plaintiff's pain symptoms.  None of the reasons proffered by the ALJ in rejecting Plaintiff's pain testimony are clear and convincing.

First, the ALJ found that Plaintiff's pain allegations are not compatible with the medical evidence of record.  (AR 17.)  The lack of objective medical evidence, even if true,

would not be dispositive as a matter of law. Bunnell, 947 F.2d at 345 ("once the claimant produces objective evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective evidence"); Rollins, 61 F.3d at 857 (subjective testimony cannot be the "sole" ground that objective medical evidence is lacking). There must be some other evidence to support rejection of Plaintiff's subjective symptoms.

Although lack of medical evidence is nonetheless a relevant, if not dispositive, factor (Rollins, 261 F.3d at 857; Smolen, 80 F.3d at 1285), in this case there was medical evidence of chronic bilateral cervicobrachalgia. (AR 16.) Additionally, the medical evidence relied on by the ALJ is dated, occurring before and without consideration of the spinal MRI that established Plaintiff's cervical impairment. Dr. Brovender, for example, based his opinion of no cervical impairment or pain on the record as it existed before the record was supplemented with the LAC-USC medical evidence and MRI. (AR 39, 44.) The same is true of the opinion of Dr. Thomas Dorsey, on whom the ALJ also relies. As a result, the medical evidence cited by the ALJ cannot be considered clear and convincing.

The ALJ's other reason for rejecting Plaintiff's pain testimony is that her daily activities were not limited to the extent one would expect of someone totally disabled. (AR 18.) Again, however, the ALJ relies on dated information. Claimant's testimony at the hearing that she could not drive anymore and that her pain severely impacted her daily activities (AR 14-15, 42-43) was consistent with the 2007-08 medical evidence of cervical impairment. The ALJ also rejected Plaintiff's testimony about daily activities based on dated medical evidence, which is insufficient as a matter of law anyway to reject that testimony.

The ALJ improperly discounted Plaintiff's subjective pain symptoms. The ALJ's RFC assessment and step five determination that Plaintiff can perform other jobs in the national economy must be reconsidered.

### C. The ALJ Failed To Develop The Record

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

Here, the ALJ decision did not assess the severity of Plaintiff's chronic bilateral cervicobrachalgia, or even mention it, at step two of the sequential process. (AR 12-13.) The ALJ acknowledged the hand impairments as severe, and found that Claimant's depression and colon polyps were nonsevere. (AR 12-13.) The ALJ, however, never discusses Claimant's cervical impairment or assesses its severity at step two.

The ALJ does discuss the cervical impairment evidence in assessing Claimant's RFC. As already noted, though, the ALJ's rejection of any additional limitations as to the hands from the cervical impairment was based on dated medical evidence that did not take into account the LAC-USC evidence added to the record after the hearing. The ALJ was aware of the significance of the cervical evidence and the VE's opinion that additional limitations to the hands would preclude all work. The ALJ should have obtained additional

evidence and conducted a supplemental hearing before rejecting Plaintiff's credibility and finding her not disabled.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is reversed and remanded for further proceedings consistent with law and this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 4, 2010      /s/ John E. McDermott
                                                    JOHN E. MCDERMOTT
                                           UNITED STATES MAGISTRATE JUDGE